# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## NORTHEASTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN GORDON, | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO.** |
| | ) | **5:12-cv-2141-AKK** |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM OPINION

Plaintiff Christian Gordon ("Gordon") brings this action pursuant to Section 205(g) of the Social Security Act ("the Act"), 42 U.S.C. § 405(g), seeking review of the final adverse decision of the Commissioner of the Social Security Administration ("SSA").  This court finds that the Administrative Law Judge's ("ALJ") decision - which has become the decision of the Commissioner - is supported by substantial evidence. Therefore, for the reasons elaborated herein, the court will affirm the decision denying benefits.

### I.  Procedural History

Gordon filed an application for Title II disability insurance benefits and Title XVI Supplemental Security Income, on September 21, 2007, alleging a disability onset date of May 31, 2005, due to bipolar disorder and borderline personality disorder.  (R. 10, 167). After the SSA denied Gordon's claim, she requested a hearing before an ALJ.  (R. 79-

80).  The ALJ subsequently denied Gordon's claim, (R. 7-23), which became the final

decision of the Commissioner when the Appeals Council refused to grant review.  (R.

1-6).  Gordon then filed this action for judicial review pursuant to § 205(g) of the Act, 42

U.S.C. § 405(g).  Doc. 1.

## II.  Standard of Review

The only issues before this court are whether the record contains substantial

evidence to sustain the ALJ's decision, *See* 42 U.S.C. § 405(g); *Walden v. Schweiker*,

672 F.2d 835, 838 (11th Cir. 1982), and whether the ALJ applied the correct legal

standards, *see Lamb v. Bowen*, 847 F.2d 698, 701 (11th Cir. 1988); *Chester v. Bowen*,

792 F.2d 129, 131 (11th Cir. 1986).  Title 42 U.S.C. § 405(g) mandates that the

Commissioner's "factual findings are conclusive if supported by 'substantial evidence.'"

*Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990).  The district court may not

reconsider the facts, reevaluate the evidence, or substitute its judgment for that of the

Commissioner; instead, it must review the final decision as a whole and determine if the

decision is "reasonable and supported by substantial evidence."  *See id*.  (citing

*Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).  Substantial evidence

falls somewhere between a scintilla and a preponderance of evidence; "[i]t is such

relevant evidence as a reasonable person would accept as adequate to support a

conclusion."  *Martin*, 849 F.2d at 1529 (quoting *Bloodsworth*, 703 F.2d at 1239) (other

citations omitted).  If supported by substantial evidence, the court must affirm the

Commissioner's factual findings even if the preponderance of the evidence is against the

Commissioner's findings.  *See Martin*, 894 F.2d at 1529.  While the court acknowledges that judicial review of the ALJ's findings is limited in scope, it notes that the review "does not yield automatic affirmance."  *Lamb*, 847 F.2d at 701.

### III.  Statutory and Regulatory Framework

To qualify for disability benefits, a claimant must show "the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairments which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months."  42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(i).  A physical or mental impairment is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrated by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Determination of disability under the Act requires a five step analysis.  20 C.F.R. § 404.1520(a)-(f).  Specifically, the Commissioner must determine in sequence:

    (1)    whether the claimant is currently unemployed;

    (2)    whether the claimant has a severe impairment;

    (3)    whether the impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant is unable to perform his or her past work; and

    (5)    whether the claimant is unable to perform any work in the national economy.

*McDaniel v. Bowen*, 800 F.2d 1026, 1030 (11th Cir. 1986).  "An affirmative answer to any of the above questions leads either to the next question, or, on steps three and five, to a finding of disability.  A negative answer to any question, other than step three, leads to a determination of 'not disabled.'" *Id.* at 1030 (citing 20 C.F.R. § 416.920(a)-(f)).  "Once a finding is made that a claimant cannot return to prior work the burden shifts to the Secretary to show other work the claimant can do."  *Foote v. Chater*, 67 F.3d 1553, 1559 (11th Cir. 1995) (citation omitted).

## IV.  The ALJ's Decision

In performing the five step analysis, the ALJ initially determined that Gordon met the insured status requirements of the Act through December 31, 2007.  (R. 12).  Moving to the first step, the ALJ found that Gordon had not engaged in substantial gainful activity since May 31, 2005, and, therefore, met Step One.  (R. 13).  Next, the ALJ found that Gordon satisfied Step Two because she suffered from the severe impairments of "bipolar disorder, anxiety disorder and drug and alcohol abuse and dependency."  *Id*. The ALJ then found at Step Three that Gordon's "impairments, including the substance use disorders," met sections 12.09, 12.04, and 12.06 of the listed impairments.  (R. 17). However, because Gordon cannot be found disabled if alcoholism or drug addiction is a "contributing factor material to the [ALJ's] determination that [Gordon] is disabled," 42 U.S.C. § 423(d)(2)(C), the ALJ decided next which physical and mental limitations "would remain if [Gordon] stopped using drugs or alcohol."  20 C.F.R. § 404.1535(b)(2). Under the regulations, if the remaining impairments would not be disabling, substance

abuse is a contributing factor material to the determination of disability.  20 C.F.R. §

404.1535(b)(2)(i).  In conducting this analysis, the ALJ returned to Step Two and found

that Gordon would continue to have a severe impairment even if she "stopped the

substance use."  (R. 19).  The ALJ next found that if Gordon "stopped the substance use,

[she] would not have an impairment or combination of impairments that meets or

medically equals" one of the listed impairments.  (R. 19).

Although in the absence of substance abuse the ALJ answered Step Three in the

negative, consistent with the law, *see McDaniel*, 800 F.2d at 1030, the ALJ proceeded to

Step Four where he assessed Gordon's RFC as follows:

> If the claimant stopped the substance use, the claimant would have the
> residual functional capacity to perform a full range of work at all exertional
> levels but with the following non-exertional limitations:[1]

(R. 19).  As of the date of the ALJ's decision, Gordon was 33 years old, (R. 22), and had

past relevant work that included light unskilled work as a fast food worker and light

semiskilled work as a cashier.  (R. 49).  In light of her RFC, the ALJ held that Gordon "is

unable to perform any past relevant work."  (R. 22).  Lastly, in Step Five, the ALJ

considered Gordon's age, education, work experience, and RFC and determined that if

Gordon "stopped the substance use . . . there would be a significant number of jobs in the

national economy [Gordon] could perform."  *Id.*  Therefore, the ALJ found that

"[b]ecause [Gordon] would not be disabled if she stopped the substance use, . . .

---

[1]  No listing of nonexertional limitations followed.  This failure is part of the basis
for Gordon's contention that the ALJ committed reversible error.  *See* Section V.B *infra.*

[Gordon's] substance use disorders is [sic] a contributing factor material to the determination of disability."  (R. 23).  Accordingly, he found Gordon "has not been disabled within the meaning of the Social Security Act at any time from the alleged onset date through the dated of this decision."  *Id.*

## V.  Analysis

The court now turns to Gordon's contentions that the ALJ (1) did not correctly apply the law in considering her drug and alcohol use; (2) erred in failing to specify the additional nonexertional limitations in his formal RFC finding; and (3) failed to conduct a longitudinal analysis of the psychological evidence as required by the regulations.  *See* doc. 4 at 8-13.  The court addresses each contention in turn.

### A.    The ALJ properly applied the law in considering her drug and alcohol use.

The Contract with America Advancement Act of 1996 provides that an individual shall not be found disabled if alcoholism or drug addiction is a "contributing factor material to the Commissioner's determination that the individual is disabled."  42 U.S.C. §§ 423(d)(2)(C), 1382c(a)3(J).  Gordon asserts that "[t]hroughout his decision, the ALJ refers to the fact that [Gordon] continued to use substances," and contends that it was improper for the ALJ "to call into play the Contract with America Advancement Act of 1996 " because the ALJ "d[id] not make a determination that [Gordon] has a substance addiction disorder."  Doc. 8 at 5-6.  However, Gordon ignores that the ALJ found her "drug and alcohol abuse *and dependency*" were severe impairments at Step Two.  (R. 13) (emphasis added).  Moreover, the ALJ's references throughout his decision to "substance

use" is consistent with the pertinent regulations which instruct that when, as here, there is "medical evidence of . . . drug addiction or alcoholism," the ALJ "must determine whether [the claimant's] drug addiction or alcoholism is a contributing factor material to the determination of disability." 20 C.F.R. § 404.1535(a). The regulations provide that the "key factor" in making this determination is whether the claimant would still be found disabled "if [the claimant] stopped *using* drugs or alcohol." *Id.* § 1535(b) (emphasis added). Consequently, the regulations require the ALJ to decide which physical and mental limitations "would remain if [the claimant] stopped *using* drugs or alcohol and then determine whether [those] remaining limitations would be disabling." 20 C.F.R. § 404.1535(b)(2) (emphasis added). Therefore, the ALJ properly applied the regulations by considering whether Gordon's impairments would still be disabling if she stopped using drugs and alcohol. Significantly, contrary to Gordon's contention, the ALJ did not reject her claim merely because of her occasional drug use. *See* Doc. 8 at 5. Rather, consistent with the regulations, the ALJ determined that if Gordon stopped using drugs and alcohol, her remaining impairments would not be disabling. Because there is substantial evidence in the record to support this finding, no basis exists to reverse the ALJ.

B. The ALJ did not err in failing to specify the additional nonexertional impairments in his formal RFC finding.

Gordon next argues the ALJ erred because he did not list the additional nonexertional limitations in his RFC finding. Doc. 8 at 7-8. Although Gordon is correct about the listing, there is no error here because these additional limitations may be

discerned from other portions of the ALJ's decision and the record.  In that regard, the

court notes that the ALJ discussed Gordon's nonexertional limitations when he explained

the rationale for finding that Gordon would be able to perform other work:

> If the claimant stopped the substance use, the claimant's ability to perform work at all exertional levels *would be compromised by non-exertional limitations*.  To determine the extent to which *these limitations* erode the occupational base of unskilled work at all exertional levels, the Administrative Law Judge asked the vocational expert [VE] whether jobs exist in the national economy for an individual with the claimant's age, education, work experience, and the residual functional capacity the claimant would have if she stopped the substance use.

(R. 22) (emphasis added).  In other words, the ALJ has indicated unequivocally that he

found that Gordon had the nonexertional limitations contained in the hypothetical

question the ALJ posed to the VE.  Indeed, the ALJ asked the VE only one hypothetical

question, which included the following nonexertional limitations:

> The hypothetical individual should not work on ladders, ropes or scaffolds. The hypothetical individual should not work around dangerous machinery or unprotected heights.  The hypothetical individual can understand, remember and carry out simple instructions.  The hypothetical individual should have only occasional contact–by occasional I mean up to one-third of the day–interaction with the public, with supervisors and co-workers. We'll limit the hypothetical individual to a low stress job defined as SVP 2 or less, involving only simple work related decisions.

(R. 50).  Put simply, when considered together, the ALJ's decision and hypothetical

question specifically identify the nonexertional limitations the ALJ included in his RFC

finding.  Therefore, the failure to list those limitations in the formal RFC finding does

not constitute reversible error.  Alternatively, even if the ALJ erred–and the court finds

no such error–any such error is harmless because a remand to allow the ALJ to

incorporate the restrictions contained in the hypothetical question into his RFC finding would not change the ALJ's ultimate finding.  *See Caldwell v. Barnhart*, 261 F. App'x 188, 190 (11th Cir. 2008) (unpublished) ("When . . . an incorrect application of the regulations results in harmless error because the correct application would not contradict the ALJ's ultimate findings, the ALJ's decision will stand." ) (citing *Diorio v. Heckler*, 721 F.2d 726, 728 (11th Cir.1983).

      C.    <u>The ALJ did not err in considering the psychological evidence.</u>

      Finally, Gordon contends that rather than conducting a longitudinal analysis of the psychological evidence, the ALJ viewed Gordon's overall medical condition at one particular time, without considering the ebbs and flows of Gordon's condition.  Doc. 8 at 12.  The court's review of the ALJ's decision reveals that the ALJ devoted almost five pages to a discussion of the medical records, which spanned five years.  (R. 13-17).  Moreover, contrary to Gordon's contention, the ALJ explicitly recognized that Gordon's psychological condition waxed and waned in finding that her mental limitations were moderate:

> In terms of the claimant's alleged bipolar disorder and anxiety disorder, the record establishes that the claimant has these mental impairments.  While the claimant has had multiple psychiatric hospitalizations, the record shows that these all occurred when she was using drugs and alcohol.  While the claimant has been prescribed appropriate medication for the treatment of her mental symptoms, there are times when she was not complaint [sic] with medications.  For example, she admitted to flushing her prescription medication down the toilet and on several hospital admissions she reported that she had not taken her medications for two week, one month, two months, and six months, at a time.  On the other hand, the claimant reported good benefit with the use of Zoloft.  She stated that she was doing well

> when she was complaint [sic] with medications and that her depression had improved.  The record shows that she was stable while on Zoloft and she had no adverse response to this medication.  In general, the record reflects that with good compliance with treatment and medication and absence [of] alcohol and substance use the claimant has no more than moderate mental limitations.

(R. 20-21).  This discussion shows the ALJ properly considered Gordon's longitudinal treatment history in assessing the vocational impact of her mental impairments.  Unfortunately for Gordon, the ALJ found that her condition worsened when she was using drugs and alcohol, and improved when she was abstinent and compliant with treatment.

Ultimately, Gordon bears the burden of proving that her substance abuse and alcoholism is not a contributing factor material to her disability.  *Doughty v. Apfel*, 245 F.3d 1274, 1280 (11th Cir. 2001).  Gordon failed to carry that burden in this case.  Moreover, substantial evidence supports the ALJ's reasonable finding that Gordon's condition was not disabling when she was not using drugs and alcohol.  Therefore, no reversal is warranted here.

## VI.  Conclusion

Based on the foregoing, the court concludes that the ALJ's determination that Gordon is not disabled is supported by substantial evidence, and that the ALJ applied proper legal standards in reaching this determination.  Therefore, the Commissioner's final decision is **AFFIRMED**.  A separate order in accordance with the memorandum of decision will be entered.

Done this 13th day of June, 2014.

_____

**ABDUL K. KALLON**
UNITED STATES DISTRICT JUDGE